Prayer for Mandamus. Writ Issued.

## INDUSTRIAL COMMISSION OF UTAH et al. v. MURRAY CITY et al.

No. 3407.    Decided March 2, 1920.    (188 Pac. 274.)

1. MANDAMUS—DENIAL OF JURY IN ACTION TO SET ASIDE AWARD NO DEFENSE AGAINST MANDAMUS TO ENFORCE AWARD SET ASIDE BY JUDGE, BUT REINSTATED ON APPEAL. In mandamus to enforce an award of the Industrial Commission against a city, the city cannot complain that in its action to set aside the award it was denied a jury trial, where the trial court granted the relief prayed for, but it was reversed on appeal. (Page 526.)

2. EVIDENCE—KNOWLEDGE BY PARTY TO PRIOR ACTION OF EFFECT OF JUDGMENT PRESUMED. In mandamus to enforce an award of the Industrial Commission against a city, the city, which was represented by counsel at all stages of the proceedings, is conclusively presumed, to know which of two cases in the district court, respecting the award was appealed, and that the judgment on appeal was final and conclusive. (Page 526.)

3. MANDAMUS—ORDER FOR PAYMENT OF MONEY BY CITY SUSPENDED BECAUSE OF INABILITY TO PAY UNTIL FOLLOWING YEAR. Where a city has no money with which to pay an award of the Industrial Commission, and its resources for the current year had been exhausted, a writ of mandamus will be held in suspense until the expiration of that year. (Page 526.)

Application for mandamus by the Industrial Commission of Utah and another against Murray City and others.

PEREMPTORY WRIT ISSUED.

See, also, 183 Pac. 331.

*Dan B. Shields,* Atty. Gen., *James H. Wolfe, O. C. Dalby,* and *H. Van Dam, Jr.,* Asst. Atty. Gen., for plaintiffs.

*D. W. Moffat,* of Murray, for defendants.

THURMAN, J.

The Industrial Commission of Utah, hereinafter called "the commission" and David Hazeldine, as plaintiffs, brought this

action against Murray City and its officers for a writ of mandate, requiring said defendants to pay, or provide 'for the payment of, a certain award to said Hazeldine theretofore made by said commission.

The record discloses the facts to be that the award was made against the defendant city and a copy thereof duly served, but that said city neglected and refused to pay the same; that said city thereafter commenced an action against the commission in the district court of Salt Lake county to set aside said award on the ground that the commission was without jurisdiction to make the same; that a hearing was had thereon in said district court, and judgment entered therein, setting aside said award; that in due course the commission thereafter appealed from said judgment to this court, wherein the judgment of the district court was reversed; that the district court thereafter entered its judgment, affirming the award, and that the defendant city still neglects and refuses to pay the same.

As we read the record, there is no substantial controversy as to the facts above set forth. It is true the defendants allege that on or before the hearing in the district court the city demanded a jury, but as it appears that a hearing on the facts was had before the court, and that the court rendered judgment in favor of the city, the city has no grounds for complaint, even if its demand for a jury was refused. Defendant further states that about the time the city commenced its action in the district court against the commission, the commission applied in the same court for a writ of mandate, requiring the city to pay the award. Defendants express their inability to determine whether the appeal to this court was from the judgment rendered by the district court, above referred to, in favor of the city, or in the proceeding by the commission for a writ of mandate. Finally, defendants allege on information and belief that the action instituted by the city in the district court is still pending therein and undetermined. Inasmuch as the defendant city was, in all the cases referred to, at all times, actively represented by the attorney who prepared and filed the answer in

the present case, and by no other attorney, defendant must be conclusively presumed to know that its case against the commission in which it obtained a judgment was the case which was appealed to this court, and that the judgment rendered therein was final and conclusive. 183 Pac. 331.

We have no means of determining the state of mind, purpose, or intent which induced the matter set up in the answer to which we have referred. It is exceedingly fortunate that such lapses of memory on the part of litigants seldom occur.

Defendants in this case made the further answer that the defendant city had no money or funds with which to pay said award, and was unable to raise said funds during 1919, as its resources for that year were exhausted. We were disposed to consider that as a good defense temporarily, and for that reason the judgment of this court was held in suspense until the year expired. The defense is not available now.

It is therefore ordered that a peremptory writ issue as prayed for in the complaint. Defendant city to pay the costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.